WILLIAM A. WAIT, executor, *vs.* SARAH S. DEMERITT.

Suffolk.     November 16. — 17, 1875.     WELLS & COLT, JJ., absent.

The "attested copy" of the reasons of appeal filed in the probate office, which is required by the Gen. Sts. *c.* 117, § 10, to be served on the adverse party, must be attested by the register of probate; and the service of a copy, attested by the attorney of the appellant, is not a compliance with the statute.

APPEAL from a decree of the Probate Court for the county of Suffolk, allowing a certain instrument as the last will and testament of Sarah S. Ireland, deceased.   The decree of the Probate Court was entered December 16, 1874; and within thirty days thereafter the appellant, who was one of the heirs at law of the testatrix, filed her claim and reasons of appeal in the probate office, and duly entered in this court attested copies of the papers on file in the probate office.   The only service of the reasons of appeal upon the adverse party was by a copy thereof, attested by the attorney of record of the appellant, in the Probate Court, delivered more than fourteen days before the entry of the appeal in this court to the attorney in fact, and of record in the Probate Court, of the appellee.   The receipt of the copies on the day of service was admitted by the counsel for the appellee.

On motion of the appellee, upon these facts, *Devens,* J., ruled that the service of the reasons of appeal upon the adverse party was insufficient in law, and dismissed the appeal.   The appellant alleged exceptions.

*A. A. Ranney,* for the appellant.

*H. G. Hutchins,* for the appellee.

GRAY, C. J.   The "attested copy" of the reasons of appeal filed in the probate office, which is required by the Gen. Sts. *c.* 117, § 10, to be served on the adverse party, must be attested by the register, who is the legal custodian of the original paper, and whose official attestation is of itself a sufficient verification of the copy.   The service of a copy attested by the attorney of the appellant was not a compliance with the statute.

The St. of 1874, *c.* 187, authorizes further service of any writ, process or order, the first service of which is defective or insufficient, to be directed by the court, only "upon the motion of the plaintiff or petitioner."   The bill of exceptions does not show that

any motion for further service was made. We need not therefore consider whether this statute extends to probate causes.

*Exceptions overruled.*